IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2090-BO

| | |
|---|---|
| CLYDE KIRBY WHITLEY, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>WILLIAM A. SCISM, )<br>      Respondent. ) | **O R D E R** |

Clyde Kirby Whitley petitions this court for a writ of habeas pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. It does not clearly appear from the face of the petition that the petitioner is not entitled to relief, and the matter allowed to proceed.

Secondly, petitioner has filed a Motion for Appointment of Counsel, Motion for Discovery, and Motion for Specific Enforcement. (D.E. # 3) It is well-established that there is no constitutional right to counsel in civil cases. *See Lyles v. Signal*, 1997 WL 577651, at *1 (4th Cir. 1997) (unpublished); *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. The request has been reviewed and the undersigned finds that this case does not presently require appointment of counsel.

Likewise, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904

(1997). Rule 6(a) of the Rules Governing § 2254 Cases states "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." At this time, petitioner fails to establish good cause to invoke the process of discovery. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2322 (2009).

Next, the Motion for Specific Enforcement of the Plea Agreement appears to be the relief he seeks from the filing of this petition for habeas. It is not ripe and DENIED as premature.

Accordingly, the Clerk is DIRECTED to maintain management of the petition. Furthermore, the outstanding motion (D.E. # 3) is DENIED. If, within that motion, petitioner is seeking to proceed in forma pauperis, the motion shall be decided forthwith by a United States Magistrate Judge within this court.

SO ORDERED, this 22 day of September 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE