IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2090-BO

| | | |
|---|---|---|
| CLYDE KIRBY WHITLEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM A. SCISM, | ) | |
| Respondent. | ) | |

Clyde Kirby Whitley, a federal prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court is respondent's motion to dismiss for lack of subject matter jurisdiction and on statute of limitations grounds. Petitioner responded to the motion, and the matter is ripe for determination.

Clyde Kirby Whitley is in federal custody after pleading guilty on or about August 14, 2007, in the United States District Court for the Eastern District of North Carolina to possession of a firearm by a convicted felon. (U.S. v. Whitley, 5:07-CR-80-FL, D.E. # 14 "Plea Agreement") Petitioner was sentenced to a term of 180 months imprisonment. (Id., D.E. # 16 "Judgment")

Petitioner had a prior 1986 North Carolina state law conviction in which he pled guilty to twenty-five counts of breaking or entering and twenty-two counts of larceny in the nash County Superior Court. (Supp. Memorandum, D.E # 13, Ex. 1) Petitioner challenges the state court conviction because of its use to enhance the current federal sentence. (Pet.) He asserts the North Carolina State sentence has expired. A prisoner may not, except under limited circumstances which are inapplicable here, collaterally attack an expired conviction that has been used to enhance a sentence for which the prisoner is presently in custody. Maleng v. Cook, 490 U.S.

488, 492 (1989); Daniels v. United States, 532 U.S. 374, 382 (2001); Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-404 (2001). Thus, although petitioner is currently serving a sentence for a federal conviction, the convictions being challenged in the instant habeas petition fully expired by petitioner's own admission prior to the filing of this petition. Therefore, Petitioner may not use § 2254 to collaterally attack the expired sentences. See also, Powell v. Adams, No. 5:05-HC-335-BO (E.D.N.C. filed May 4, 2005), appeal dismissed and rehearing denied by the Fourth Circuit (dismissed for lack of jurisdiction on the same grounds).

Accordingly, respondent's motion to dismiss is GRANTED and this action is DISMISSED (D.E. # 12). Petitioner's motion to seal (D.E. # 15) is ALLOWED. Lastly, the motion for reconsideration (D.E. # 16) and the motion for leave to proceed in forma pauperis (D.E. # 17) are DENIED as MOOT given the filing fee was received on October 19, 2010. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 5 day of June 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE